# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS M. NELSON, #22309-040, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> C. BROOKS, ) <br> C. LITTON, ) <br> and T. COOK, ) <br> ) <br> Defendants. ) | Case No. 20-cv-00278-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Nicholas Nelson is a federal inmate at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He filed this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for deprivations of his constitutional rights that resulted from his assault by prison officials at USP-Marion on November 6, 2019. (Doc. 1, pp. 1-16). In his Complaint, Plaintiff seeks money damages. (*Id*. at p. 7). In a Motion to Supplement filed on March 31, 2020, he also seeks to add allegations, claims, and a request for diagnostic testing and treatment. (Doc. 8).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint:

> On Nov 6, 2019 I was assaulted by SHU staff while confined in the special housing unit in USP Marion IL a federal prison. The staff attempted to cover it up as a suicide attempt. The incident report was expunged later.

(Doc. 1, p. 6). Along with the Complaint, Plaintiff includes an incident report that describes a suicide attempt on November 6, 2019. (*Id.* at p. 14). He also includes medical records that describe injuries to his head and eyes. (*Id.* at pp. 8-13).

Based on the allegations in the Complaint, the Court designates a single count in this *pro se* action:

> **Count 1:** Eighth Amendment claim brought pursuant to *Bivens* against Defendants for subjecting Plaintiff to the unauthorized use of force on or around November 6, 2019.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is encompassed by the allegations in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's two-sentence statement of claim is too short and too plain to satisfy this standard. The Complaint must set forth sufficient facts to give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555, 570 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

statement of his claim and exhibits, Plaintiff does not mention the defendants or describe the individual misconduct that supports his claim against any of them.

The reason that plaintiffs are required to associate specific defendants with specific claims is so these defendants have notice of the claims against them and so they can properly answer the Complaint. Rule 8(a)(2) requires "a short and plain statement of the claim" to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely listing a potential defendant's name in the case caption is not enough to state a claim against that person. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff has done that and nothing more. Accordingly, Count 1 shall be dismissed without prejudice for failure to state a claim against any of the defendants.

The Complaint does not survive preliminary review and shall be dismissed. If Plaintiff wishes to pursue his claim in this action, he may file an amended complaint. However, he is **WARNED** that his failure to comply with the below deadline and instructions will result in dismissal of this action with prejudice and the assessment of another "strike" within the meaning of 28 U.S.C. § 1915(g). *See* FED. R. CIV. P. 41(b).

### Pending Motions

**A.     Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has not demonstrated reasonable efforts to locate counsel. He mentions contacting several attorneys without hearing back from them, but he provides no details and attaches no copies of written correspondence with

attorneys. Further, he appears competent to litigate this matter without an attorney and discloses no significant impediments to self-representation, such as medical, educational, language, or mental health barriers. The Court declines to recruit counsel at this time. Plaintiff may renew his request, if counsel becomes necessary as the case proceeds.

**B.     Motion to Supplement (Doc. 8)**

Plaintiff's Motion to Supplement is **DENIED** without prejudice. In the Motion, he seeks to add allegations, claims, and requests for relief to the Complaint. The Court does not accept piecemeal amendments to the Complaint. Plaintiff may include these additional allegations, claims, and/or requests for relief in an Amended Complaint, if his wishes to do so. Plaintiff may also file a *separate* Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Rule 65(a) or (b) of the Federal Rule of Civil Procedure at any time he believes interim injunctive relief is warranted *after* filing his Amended Complaint.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 30, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for

use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00278-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/2/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**